UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CAMERON LENELL ADAMS,

        Petitioner,

v.

SHANE JACKSON,

        Respondent.
_____/

Case No. 1:20-cv-1198

Honorable Robert J. Jonker

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After

---

[1] Although Petitioner brings his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254. Moreover, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases.

undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I.     Factual allegations

Petitioner Cameron Lenell Adams is incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan.  Petitioner is serving two concurrent sentences imposed by the Berrien County Circuit Court on January 10, 2011:  20 to 50 years' imprisonment for armed robbery and 3 years, 11 months to 7 years, 6 months' imprisonment for felon in possession of a firearm.  The Michigan Department of Corrections reports that Petitioner's earliest release date is August 17, 2030, and his maximum discharge date is August 17, 2060.  See MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=389698 (visited December 15, 2020).

On or before December 11, 2020, Petitioner filed his habeas corpus petition.  The petition alleges that the risk of infection arising from the COVID-19 pandemic[2] renders Petitioner's continued imprisonment a violation of Petitioner's Fifth and Fourteenth Amendment rights.  (Pet'r's Br., ECF No. 2, PageID.2.)  Petitioner seeks immediate but temporary release from the Earnest C. Brooks Correctional Facility until the COVID-19 pandemic is over.  (*Id.*)  Petitioner

---

[2] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise.  If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

reports that he tested positive for the COVID-19 virus on November 20, 2020, and he has been suffering symptoms typically associated with the illness.  (Pet'r's Aff., ECF No. 2-1, PageID.15.)

## II.     Availability of § 2254 relief for unconstitutional conditions of confinement

Petitioner's request for relief is not a typical habeas claim.  The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983.  *Id*.  The *Preiser* Court, however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions.  *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.  *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted).  But, the Court has also never upheld a "conditions of confinement" habeas claim.  Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ."  *Id.* at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review.  *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials.  Such a claim is properly brought pursuant to 42 U.S.C. § 1983.'"); *In re Owens*, 525 F. App'x 287, 290

3

(6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983.").

Petitioner's claims challenging the constitutionality of his custody due to risks posed by COVID-19 appear on their face to be claims regarding the conditions of his confinement. Such claims should be raised, typically, by a complaint for violation of 42 U.S.C. § 1983.

Nonetheless, Petitioner requests release from custody. That relief is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson*, 961 F.3d at 868 (quoting *Preiser,* 411 U.S. at 498).[3] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

In *Wilson*, the Sixth Circuit stated: "Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the

---

[3] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241 similar to those claims brought by Petitioner.

confinement." *Wilson*, 961 F.3d at 838. Petitioner, like the petitioners in *Wilson*, contends there are no conditions of confinement sufficient to prevent irreparable injury at the facility where he is housed, or any facility within the MDOC. (Pet'r's Br., ECF No. 2, PageID.8.) Accordingly, the Court construes his claim as a proper claim for habeas relief. Nonetheless, because Petitioner has chosen to pursue relief by way of a habeas petition, the available relief is circumscribed. *Wilson*, 961 F.3d at 837. Even if there might be conditions of confinement, short of release, that would mitigate the risk—and eliminate the conditions that Petitioner claims violate his due process rights—it is not within this Court's habeas jurisdiction to grant such relief. *Id*. A claim seeking relief other than release is properly brought under 42 U.S.C. § 1983.

## III.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has neither alleged that he exhausted his claims in the state courts

5

nor provided any documentation indicating that he has pursued such state remedies.[4]  Instead, Petitioner suggests that he is not required to exhaust state court remedies because there are no such available remedies.  (Pet'r's Br., ECF No. 2, PageID.9-10) ("Even if state[ ] remedies were available . . . .").  Moreover, Petitioner argues, even if there are such remedies, this Court may consider unexhausted claims where "unusual or exceptional circumstances exist." (*Id*., PageID.10)  The Court will construe Petitioner's argument as a request that the Court relieve him of the exhaustion requirement under § 2254(b)(1)(B)(ii).

Subsection (b) of § 2254 precludes the Court from granting habeas relief unless Petitioner has exhausted his claims in state court.  A petitioner's failure to exhaust may be excused if "there is an absence of State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  Other than an unsupported suggestion, Petitioner does not claim that there is an absence of state corrective process.  Instead, by claiming he is in imminent danger, and by seeking emergency injunctive relief, Petitioner presumably intends to invoke the latter exception:  that circumstances have made the state's corrective process ineffective.  However, he has failed to allege how the present circumstances have rendered state court remedies ineffective.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  Petitioner has already filed at least one motion for relief from judgment as permitted under the Michigan Court Rules.  *See* https://courts.michigan.gov/opinions_orders/case_search

---

[4] Indeed, given the recency of the events giving rise to Petitioner's claim, it would appear to be impossible for Petitioner to have exhausted state court remedies before filing the petition.  Petitioner notes that the MDOC announced the positive tests for COVID-19 at the Earnest C. Brooks Correctional Facility on October 23, 2020.

/pages/default.aspx?SearchType=1&CaseNumber=148253&CourtType_CaseNumber=1 (visited December 15, 2020).  Nonetheless, the state rules permit a successive motion if it is "based on . . . a claim of new evidence that was not discovered before the first such motion."  Mich. Ct. R. 6.502(G)(2).  Petitioner could not have discovered the facts underlying his present claims before he filed his first motion during 2013, long before the first COVID-19 case in this country.

Moreover, relief may be available to Petitioner by way of a habeas corpus petition in state court in that he seeks a determination "whether his continued custody is legal."  *Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986).  Alternatively, Petitioner may seek relief, even release, by civil action in state court for unconstitutional conditions of confinement.  *See Kent Cnty. Prosecutor v. Kent Cnty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights.").  Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must present his claim to each level of the state court system.  *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

It appears that Petitioner has turned to this Court, either instead of, or in addition to, the state court, because his situation is urgent.  Petitioner does not explain why this Court can act on his urgent claim but the state court cannot.  Indeed, the state, as the sovereign holding Petitioner in custody, is best suited to make the initial determination of whether that custody is constitutional.  As the Supreme Court repeatedly has recognized, the entire habeas exhaustion

7

requirement "reflects a policy of federal-state comity"—an accommodation to our federal system—in which the state should have "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275 (internal quotations omitted); *accord, O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

The habeas statute requires Petitioner to air the claims in the state court first, 28 U.S.C. § 2254, and Petitioner has failed to show that the delay inherent in that requirement renders the state court remedy futile. Accordingly, the Court concludes that Petitioner has failed to demonstrate a justification that warrants excusing the exhaustion requirement here.

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice. The habeas statute imposes a one-year statute of limitations on habeas claims. *See* 28 U.S.C. § 2244(d)(1). Petitioner's period of limitation commenced running when "the factual predicate of his claim . . . could have been discovered through the exercise of reasonable diligence." 28 U.S.C. §2244(d)(1)(D). Petitioner could not have discovered the risk of COVID-19 infection at all before March of this year and, as Petitioner notes in his brief, the facility where he is housed did not announce its first confirmed cases until October 23, 2020. As of the December 14, 2020, the MDOC reports that there have been 891 confirmed cases among the prisoners at Petitioner's facility. *See* https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f43144337 (visited December 15, 2020). Certainly, Petitioner could not have known of the imminent risk of COVID-19 infection at his facility until the first cases were reported there.

The limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the period is tolled while an application for state post-conviction or collateral review of a claim is pending. 28 U.S.C.

8

§ 2244(d)(2).  The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007).  Therefore, while Petitioner is pursuing his state court remedy, the statute of limitation will be tolled.

In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.[5]  The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations.  Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state-court remedies.

### IV.   Motion for temporary restraining order (ECF No. 3)

Petitioner has sought preliminary injunctive relief in the form of a temporary restraining order compelling the MDOC to immediately release him.  The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits.  *Southern Glazer's Distributors of Ohio L.L.C. v. Great Lake Brewing Co.*, 860 F.3d 844, 848 (6th Cir. 2017) (citing *Univ. of Tex.*

---

[5] The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims.  The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

*v. Camenisch*, 451 U.S. 390, 395(1982)). Because the petition is properly dismissed, the Court will deny Petitioner's request as moot.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court will deny a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies, denying Petitioner's motion for temporary restraining order (ECF No. 3), and denying a certificate of appealability.

Dated:   December 17, 2020              /s/ Robert J. Jonker
                                                                   ROBERT J. JONKER
                                                                   CHIEF UNITED STATES DISTRICT JUDGE